IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1997 SESSION



FILED

April 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 03C01-9604-CC-00162 |
| | ) | CARTER COUNTY |
| Appellee, | ) | |
| | ) | Hon. Arden L. Hill, Judge |
| VS. | ) | |
| | ) | (SENTENCING) |
| MILES V. TOLLEY, | ) | No. 11612 BELOW |
| | ) | |
| Appellant. | ) | |

FOR THE APPELLANT:

ROBERT Y. OAKS
Office of the Public Defender
Main Courthouse
Elizabethton, TN 37643

RANDALL E. REAGAN
602 Gay Street, Suite 905
Knoxville, TN 37902

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

WILLIAM DAVID BRIDGERS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

DAVID E. CROCKETT
District Attorney General
Rt. 19, Box 99
Johnson City, TN 37601

KENNETH C. BALDWIN
Assistant District Attorney General
Carter County Courthouse Annex
Elizabethton, TN 37643

OPINION FILED:_____

AFFIRMED

CORNELIA A. CLARK,
Special Judge

## OPINION

The defendant was charged in the indictments with attempted aggravated rape and aggravated burglary. He entered a plea of guilty to attempted aggravated rape. Following his sentencing hearing, he was sentenced to serve eight years in the Department of Corrections. The trial court denied the petitioner's request for suspended sentence.

The only issue presented for review in this appeal as of right is the trial court's denial of the defendant's petition for probation or alternative sentencing to community corrections. A brief review of the facts is necessary for a determination of the issue.

At around midnight on September 18, 1994, the defendant entered the residence of the victim, wearing a towel around his face and carrying a butcher knife. He placed the knife at the victim's throat and attempted to rape her. The victim managed to knock the knife from the defendant's hand, and a scuffle ensued. As a result of the altercation the victim's glasses were broken, her nose was cut, and she suffered bruises on her body, problems with her arms, and massive TMJ. Additionally, since the incident the victim is continuously afraid. She no longer feels safe at home unless her doors are locked. Her husband must lock her in the house when he leaves so that she feels safe.

The defendant, who was a neighbor of plaintiff, denied that he entered the home with any intention of raping the victim. He blamed his long-term alcoholism for the events in question. He contended that he was so drunk on the day in question that he had no idea what he was doing. He expressed remorse for his actions and testified that since the occurrence he had participated in two different treatment programs. His wife testified that since his treatment for alcoholism he is a very different person. She also testified that she and defendant both had current

2

medical problems and that she needed the defendant to receive probation so that he could take care of her.

At the conclusion of the hearing on defendant's application for probation, the trial judge denied the request for either probation or community corrections, finding that the defendant was a dangerous violent person who used a deadly weapon in the commission of his offense.

When a defendant complains of his sentence, we must conduct a de novo review with the presumption of correctness of the actions of the trial court. T.C.A. §40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. Id. Sentencing Commission Comments; State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993). This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances". State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The defendant entered a plea of guilty to attempt to commit aggravated rape, a Class B felony. As part of the plea agreement he received the minimum Range I sentence of eight years. The only issue before the court is whether he should receive some form of alternative sentencing.

The defendant is not entitled to a community corrections sentence. Persons convicted of violent felony offenses or felony offenses involving possession of a weapon are not eligible for such alternative sentencing. See T.C.A. §40-36-106(a)(3)-(4). Attempt to commit aggravated rape is such an offense. While it is true that persons who commit such crimes but have special treatable needs treatable as a result of chronic alcohol abuse, drug abuse, or mental health problems, may be admitted to the community corrections program, Tenn. Code

3

Ann. §40-36-106(c), there is no proof in the record that defendant's needs could best be met by this alternative. Defendant acknowledges that he has had a significant drinking problem for well over thirty years. Until he was arrested for this offense, he never took steps to correct that problem. His voluntary intoxication at the time of the offense is not a defense. This issue is without merit.

Under T.C.A. §40-35-303(a), a defendant is eligible to be considered for probation after being sentenced to a term of eight years for a Class B felony offense. However, he is not considered to be a favorable candidate for such a sentencing option. T.C.A. §40-35-102(5)-(6). It is the defendant who has the burden of establishing suitability for probation. See T.C.A. §40-35-303(b). Eligibility may be defeated if any of the following factors outweigh the defendant's rehabilitative capabilities: (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct; (2) confinement is necessary to avoid depreciating the seriousness of the offense or it is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or (3) measures less restrictive than confinement have frequently been applied unsuccessfully to the defendant. See T.C.A. §40-35-103(1)(A)-(C); State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The trial court relied upon the second sentencing consideration, finding that confinement was necessary to deter others from committing similar crimes, and because the crime involved violence and the threat of violence.

The offense in this case is a violent felony perpetrated by the use of a deadly weapon. It resulted in physical and emotional injury to the victim. The defendant has not overcome the presumption of correctness of the sentence imposed upon him.

The judgment of the trial court is affirmed.

                                         _____
                                         CORNELIA A. CLARK
                                         SPECIAL JUDGE

CONCUR:


_____
JOHN H. PEAY
JUDGE


_____
PAUL G. SUMMERS
JUDGE

# IN THE COURT OF CRIMINAL APPEALS TENNESSEE AT KNOXVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. 03C01-9604-CC-00162 |
| | ) | CARTER COUNTY |
| Appellee, | ) | |
| | ) | Hon. Arden L. Hill, Judge |
| VS. | ) | |
| | ) | (SENTENCING) |
| MILES V. TOLLEY, | ) | No. 11612 BELOW |
| | ) | |
| Appellant. | ) | |

## JUDGMENT

Came the appellant, Miles V. Tolley, by counsel and also came the attorney general on behalf of the state, and this case was heard on the record on appeal from the Criminal Court of Carter County; and upon consideration thereof, this court is of the opinion that there is no reversible error in the judgment of the trial court.

Our opinion is hereby incorporated in this judgment as if set out verbatim.

It is, therefore, ordered and adjudged by this court that the judgment of the trial court is AFFIRMED, and the case is remanded to the Criminal Court of Carter County for execution of the judgment of that court and for collection of costs accrued below.

It appears that the appellant is indigent. Costs of this appeal will be paid by the State of Tennessee.

PER CURIAM

John H. Peay, Judge
Paul G. Summers, Judge
Cornelia A. Clark, Special Judge